## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR242** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **JOSE JUAN VARGAS and** | ) | |
| **ALBERT P. COSIMO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 59) issued by Magistrate Judge F.A. Gossett recommending: the motion to suppress filed by the Defendant, Jose Juan Vargas (Filing No. 27), be denied.  Judge Gossett also recommended that the motion to suppress filed by the Defendant, Albert P. Cosimo (Filing No. 23), be granted as to Cosimo's initial statement to Agent Holder that he did not have any drugs, and otherwise denied.  Cosimo filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 62, 63) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendants are charged in count I of a two-count Indictment with possession of methamphetamine with intent to distribute.  Vargas is also charged in Count II with criminal forfeiture.   The Defendants seek suppression of evidence seized as a result of their encounters with law enforcement on June 8, 2005.

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he concluded that officers had reasonable suspicion to detain and probable cause to arrest Vargas.  Vargas withdrew the portion of his motion seeking the suppression of his statements.

With respect to Cosimo, Judge Gossett concluded: reasonable suspicion supported the investigatory stop of his vehicle; the stop was not pretextual and was justified on the basis of a minor traffic violation; the search of Cosimo's vehicle was justified under the automobile exception to the warrant requirement as well as pursuant to Cosimo's voluntary consent; probable cause existed for Cosimo's arrest; the search of Cosimo's person was justified as a search incident to arrest and in light of Cosimo's consent; when the statements in question were made, Cosimo was in custody but had not yet been administered his *Miranda* rights; the only statement not volunteered and not of the type that would be made during casual conversation was Cosimo's statement to Agent Holder at the scene that Cosimo did not have any drugs on him.

On the basis of these determinations, Judge Gossett recommended that Vargas's motion be denied.  Judge Gossett recommended that Cosimo's motion be granted as to the statement made to Agent Holder, and otherwise denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to the stops, searches, and arrests.  The Court has considered the

transcript of the hearing conducted by the Magistrate Judge (Filing No. 53).  Based on the

Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's

factual findings  in their entirety.

## FACTUAL BACKGROUND

Briefly, law enforcement obtained information from a known reliable confidential

informant ("CI") that codefendant Marisol Perez-Fernandez[1] was going to receive

methamphetamine from Vargas and sell it to Cosimo, who lived in Des Moines, Iowa.

Officers surveilled the area of Perez's apartment, and numerous events that occurred

corroborated the CI's information.   The CI generally described Vargas and Cosimo.

Officers observed Cosimo arrive at Perez's apartment, Perez leave her apartment and go

to and enter a Sears store and then emerge with Vargas.  Vargas reentered the store,

where he was detained and interviewed.  Cosimo was the subject of a traffic stop.

## ANALYSIS

Cosimo objects to Judge Gossett's conclusions in his Report and Recommendation

that there was no reasonable suspicion for the traffic stop and  no probable cause for his

detention and arrest.  The Court disagrees.  Officers received information from a source

known to be reliable and corroborated much of the information during surveillance.

Officers saw a truck with Iowa plates leaving the are of Perez's apartment, and the driver

matched the general physical description of Cosimo provided to them.  Cosimo failed to

signal a turn, and he was stopped, detained and arrested.  Therefore, the Court concludes

---

[1]Perez has pleaded guilty.

that reasonable suspicion existed to justify the traffic stop and probable cause existed to detain and arrest Cosimo.

## CONCLUSION

For the reasons discussed, the Court determines that the Magistrate Judge's Report and Recommendation should be adopted in its entirety.

IT IS ORDERED:

1.    The Magistrate Judge's Report and Recommendation (Filing No. 59) is adopted in its entirety;

2.    The Statement of Objections to the Report and Recommendation (Filing No. 62) filed by the Defendant, Albert P. Cosimo, is denied;

3.    The Motion to Suppress filed by the Defendant, Jose Juan Vargas (Filing No. 27) is denied; and

4.    The Motion to Suppress filed by the Defendant, Albert P. Cosimo (Filing No. 23) is granted as to Cosimo's initial statement to Agent Holder that he did not have any drugs, and otherwise the motion is denied.

DATED this 19th day of December, 2005.

                                    BY THE COURT:

                                    s/Laurie Smith Camp
                                    United States District Judge