IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR242** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JOSE JUAN VARGAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 98, 106). *See* "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The parties have objected to ¶ 21, which sets out the quantity of controlled substance attributable to the Defendant in and base offense level 32. The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) states the parties' stipulation that the most readily provable amount of methamphetamine is at least 50 but less than 200 grams, resulting in base offense level 26. The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld and the base offense level should be calculated as level 26. Therefore, the Court's tentative finding is that the parties' objections to ¶ 21 are granted.

The Defendant also objects to information in ¶ 57 relating to the probation officer's calculation of the drug quantity. The Court declines to alter this information, the information will not affect the guideline calculation, and the objection is denied.

IT IS ORDERED:

1. The Court's tentative findings are that the Plaintiff's objections (Filing No. 98) to the PSR are granted;

2. The Court's tentative findings are that the Defendant's objections (Filing No. 106) to the PSR are granted in part and denied in part as follows:

   a. The objection to ¶ 21 is granted;

   b. The objection to ¶ 57 is denied;

3. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

4. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final;

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 1st day of May, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge