IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:05CR242 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| JOSE JUAN VARGAS, | ) ) | |
| Defendant. | ) | |

This matter is before the Court for initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 128). Under the *Rules Governing Section 2255 Proceedings for the United States District Courts*, a Defendant's § 2255 motion is subject to initial review by the Court:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) Governing Section 2255 Proceedings.

A one-year statute of limitations is imposed on § 2255 motions. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). The one-year period of limitations for a § 2255 motion begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Thus, absent a later triggering date under subsections (2)-(4) above, the one-year period for filing a § 2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review.

In the present case, Judgment was entered on May 11, 2006 (Filing No. 116). A direct appeal was not filed. The Defendant, however, did not file his § 2255 motion until July 7, 2008, well beyond the expiration of the one-year statute of limitations. Thus, it plainly appears from the face of the motion that the Defendant is not entitled to relief.

Therefore, the Defendant's § 2255 motion is summarily dismissed.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 128);

2. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate (Filing No. 128) is summarily denied;

3. A separate judgment of dismissal with prejudice will be filed in accordance with this Memorandum and Order; and

4. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 6th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge